## Shollenberger et ux. v. Commonwealth

*John W. Forry* and *George B. Balmer*, for plaintiffs.
*John S. Rhoda*, for defendant.

MAYS, J., November 23, 1936.—Clarence A. Shollenberger and Cora Shollenberger, his wife, owners of a certain farm in Richmond Township, Berks County, Pa., in their petition asking for the appointment of viewers, averred that the Secretary of Highways of the Commonwealth of Pennsylvania, in relocating, widening and improving State highway no. 06140, appropriated a strip of ground approximately 1,900 feet in length by 40 feet in width; that their fields have been cut up into smaller plots, and certain of them rendered very "difficult to access"; that they will be compelled to erect new fences on both sides of the relocated highway, and that there has been created a dangerous crossing used by petitioners for their cattle. The viewers awarded them $1,000 as damages. The Commonwealth filed an appeal.

Plaintiffs, after offering in evidence exhibit no. 1, the official plan of the Department of Highways, and setting forth that the parties agreed that the damages that were suffered by the Shollenbergers according to that plan amounted to $1,100, rested.

Defendant offered in evidence a release dated August 3, 1934, signed by plaintiffs. Plaintiffs' objection to its admission, "because it is specifically conditioned upon nothing being done to the old road between station 20 and the end of the plaintiffs' land with the exception that between stations 25 and 29 the curve is to be eased", was overruled.

The parties then agreed, first, "that in the event the release offered . . . is held valid as to the land taken between stations 5 and 20, then the sum of $350 shall be awarded for the balance of the land taken between stations 20 and 25+"; and, second, "that the clearance of the bridge on the plaintiffs' land is, according to the plan exhibit no. 1, four feet."

Plaintiffs' point for binding instructions was affirmed, and a verdict for plaintiffs in the sum of $1,100 was taken. Defendant filed a motion and reasons for a new trial and a motion for judgment n. o. v.

Is the release a valid and binding one for damages to plaintiffs' land between stations 5 and 20, or is it invalid in its entirety so that plaintiffs are entitled to recover for the damages to their land between stations 5 and 26+ (which according to the plan exhibit no. 1 marks the end of plaintiffs' land)?

In the second paragraph of the said release the following words are used:

"Whereas, in the improvement or maintenance of said road it appears necessary to relocate said highway between station 5+00 and 20+00; road between stations 20+00 and the limits of the undersigned's property is to remain within the highway's legal limits, except that the curve between stations 25+07 and 29+00 is to be eased, bridge clearance on this property is not to exceed 3 feet."

And in the next paragraph the Shollenbergers dedicate to the State for highway purposes the property within the lines of the required right-of-way "as hereinabove limited".

Plaintiffs contend that they agreed to release their damages for the taking of land between stations 5 and 20 if the Commonwealth did not take any land between stations 20 and 25+, permitting the road between those stations to remain unchanged, and if the bridge clearance did not exceed 3 feet.

The Commonwealth contends that plaintiffs, having dedicated to the Commonwealth for highway purposes the portion of the land required between stations 5 and 20, are not entitled to compensation for that portion, admitting as it does that there was a divergence in the relocation between station 20 and the limits of plaintiffs' property.

In the absence of any oral testimony, we can assume that the object of the Shollenbergers' dedication was to have the land between stations 20 and 25+ remain as it

was. In so construing this release due regard is had to the standpoint of the parties at the time of its execution, their relations, their situation at the time when it was formulated, and the circumstances surrounding the transaction: See 53 C. J. 1241, sec. 60; McMillin v. Titus, 222 Pa. 500. The Shollenbergers released their right to what admittedly was a claim for damages in the amount of $750. What was the consideration moving to them? The assurance and promise of the Commonwealth that no land would be taken between stations 20 and 25+, and that the bridge clearance would not be in excess of 3 feet. When the Commonwealth violated this feature of the agreement by actually taking land between the excepted stations, it ignored the fundamental condition that procured the Shollenbergers' assent to the construction of the road without compensation.

"Words employed in a release should not be extended beyond the consideration; otherwise a release is made for the parties which they never intended nor contemplated": Codding, Admr., et al., v. Wood, 112 Pa. 371.

Here we have a failure of the consideration for the release, and accordingly the release may be disregarded because it constitutes no defense to a suit brought on the original action: See Pusey et al. v. Wright et al., 31 Pa. 387. In that case certain parties constructed a railroad over the land of another, under an agreement with the owner wherein it was stipulated that the road should be constructed in a particular manner and with a turnout for the benefit of the owner of the land. The court held that the remedy for a violation of these clauses of the agreement was by an action at law to recover compensation for the damages thereby sustained. See also Unangst's Appeal, 55 Pa. 128.

In Gallagher v. The Fayette County R. R. Co., 38 Pa. 102, 103, Justice Thompson said:

"If the track of the road has been laid down in violation of the bargain, a court of law will redress it; and if ground be used in violation of permission, or without the

right being acquired according to law, there are appropriate remedies to redress the wrong, under the contract or under the Act of Assembly for assessing damages."

Since the Commonwealth has failed to comply with the conditions upon which plaintiffs dedicated their land to the relocation of the highway, they are entitled to full compensation for all the land taken: See Flynn v. Beaverhead County, 49 Mont. 347, 141 Pac. 673.

And now, to wit, November 23, 1936, the rules for a new trial and for judgment n. o. v. are discharged.